## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK WOLF, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| MONTAGE RESOURCES CORPORATION, RANDALL ALBERT, MARK BURROUGHS, GENE DAVIS, DON DIMITRIEVICH, RICHARD PATERSON, D. MARTIN PHILLIPS, JOHN REINHART, DOUGLAS SWANSON, ROBERT ZORICH, and SOUTHWESTERN ENERGY COMPANY, | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on August 12, 2020 (the "Proposed Transaction"), pursuant to which Montage Resources Corporation ("Montage" or the "Company") will be acquired by Southwestern Energy Company ("Southwestern").

2.     On August 12, 2020, Montage's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Southwestern.  Pursuant to the terms of the Merger Agreement, Montage's stockholders will receive 1.8656 shares of Southwestern common stock for each share of Montage common stock they own.

3.      On September 16, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Montage common stock.

9.      Defendant Montage is a Delaware corporation and maintains its principal executive offices at 122 West John Carpenter Freeway, Suite 300, Irving, Texas 75039.  Montage's common stock is traded on the New York Stock Exchange under the ticker symbol "MR."

10.    Defendant Randall Albert is Chairman of the Board of the Company.

11.    Defendant Mark Burroughs is a director of the Company.

12.    Defendant Gene Davis is a director of the Company.

13.    Defendant Don Dimitrievich is a director of the Company.

14.    Defendant Richard Paterson is a director of the Company.

15.    Defendant D. Martin Phillips is a director of the Company.

16.    Defendant John Reinhart is Chief Executive Officer, President, and a director of the Company.

17.    Defendant Douglas Swanson is a director of the Company.

18.    Defendant Robert Zorich is a director of the Company.

19.    The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.    Defendant Southwestern is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Montage (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.    This action is properly maintainable as a class action.

23.    The Class is so numerous that joinder of all members is impracticable. As of August 12, 2020, there were approximately 36,021,513 shares of Montage common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28.     Montage is an exploration and production company with approximately 195,000 net effective core undeveloped acres currently focused on the Utica and Marcellus Shales of Southeast Ohio, West Virginia, and North Central Pennsylvania.

29.     On August 12, 2020, Montage's Board caused the Company to enter into the Merger Agreement with Southwestern.

30.     Pursuant to the terms of the Merger Agreement, Montage's stockholders will receive 1.8656 shares of Southwestern common stock for each share of Montage common stock they own.

31.     According to the press release announcing the Proposed Transaction:

Southwestern Energy Company (NYSE: SWN) and Montage Resources Corporation (NYSE: MR) today announced that they have entered into a definitive merger agreement under which Southwestern Energy will acquire Montage Resources in an all-stock transaction. Based on the 3-day average closing share prices of the companies as of August 11, 2020 and under the terms of the agreement, Montage Resources shareholders will receive 1.8656 shares of Southwestern for each Montage Resources share. The transaction is expected to close in the fourth quarter of 2020, subject to customary closing conditions, including the approval of the Montage Resources shareholders. . . .

Advisors

Citi and Goldman Sachs & Co. LLC are acting as financial advisors and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to Southwestern. Barclays is acting as financial advisor and Norton Rose Fulbright LLP is acting as legal advisor to Montage Resources. Vinson & Elkins LLP is acting as legal advisor to EnCap Investments, L.P.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Registration Statement omits material information.

34.     First, the Registration Statement omits material information regarding the Company's, Southwestern's, and the combined company's financial projections.

35.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDAX, CFFO, and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

36.     With respect to Southwestern's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDAX, CFFO, and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37.     With respect to the combined company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDAX, CFFO, and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Barclays Capital Inc. ("Barclays").

40.     With respect to Barclays' Net Asset Valuation Analysis, the Registration Statement fails to disclose: (i) the future after-tax cash flows used in the analysis and all underlying line items; (ii) the after-tax general and administrative costs for Montage and Southwestern; (iii) the other capital expenditure and cost adjustments for Montage; (iv) the value of hedges for each of Montage and Southwestern; (v) the drilling and completion costs for Montage and Southwestern; (vi) the value of midstream and marketing earnings for Southwestern; (vii) the value of firm transportation commitment shortfalls for Southwestern; (viii) the carryover basis and NOL balances for Montage and Southwestern; and (ix) the range of discount rates used in the analysis and the underlying inputs and assumptions.

41.     With respect to Barclays' Selected Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies

observed in the analysis.

42.     With respect to Barclays' Selected Comparable Transaction Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

43.     With respect to Barclays' Pro Forma Merger Consequences Analysis, the Registration Statement fails to disclose the range of valuation multiples applied to the Montage EBITDAX for 2021.

44.     With respect to Barclays' Transaction Premium Analysis, the Registration Statement fails to disclose the premiums paid in the transactions observed in the analysis.

45.     With respect to Barclays' Equity Research Analyst Price Targets Analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

46.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47.     Third, the Registration Statement omits material information regarding Barclays.

48.     The Registration Statement fails to disclose the amount of compensation Barclays received for the "financial advisory services [provided] to Blue Ridge Mountain Resources, Inc. in connection with its merger with Eclipse Resource Corporation announced in August 2018," and for acting as "lender under Montage's existing revolving line of credit facility."

49.     The Registration Statement also fails to disclose the amount of compensation Barclays has received or will receive for: "(i) having acted or acting as financial advisor to EnCap, certain of its affiliates and/or portfolio companies in connection with certain mergers and

acquisition transactions; (ii) having acted or acting as arranger, bookrunner and/or lender for EnCap, certain of its affiliates and/or portfolio companies in connection with the financing for various acquisition transactions; and (iii) having acted or acting as underwriter, initial purchaser and placement agent for various equity and debt offerings undertaken by EnCap, certain of its affiliates and/or portfolio companies."

50.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51.    The omission of the above-referenced material information renders the Registration Statement false and misleading.

52.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Montage**

53.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Montage is liable as the issuer of these statements.

55.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration

Statement.

56.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## **COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Southwestern**

61.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62.     The Individual Defendants and Southwestern acted as controlling persons of Montage within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Southwestern and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that plaintiff contends are false and misleading.

63.     Each of the Individual Defendants and Southwestern was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

65.     Southwestern also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66.     By virtue of the foregoing, the Individual Defendants and Southwestern violated Section 20(a) of the 1934 Act.

67.     As set forth above, the Individual Defendants and Southwestern had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 30, 2020                      **RIGRODSKY & LONG, P.A.**

                                                       By:   */s/ Gina M. Serra*
                                                               Seth D. Rigrodsky (#3147)
                                                               Brian D. Long (#4347)
**OF COUNSEL:**                              Gina M. Serra (#5387)
                                                               300 Delaware Avenue, Suite 210
**RM LAW, P.C.**                              Wilmington, DE 19801
Richard A. Maniskas                          Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300          Facsimile: (302) 654-7530
Berwyn, PA 19312                             Email: sdr@rl-legal.com
Telephone: (484) 324-6800               Email: bdl@rl-legal.com
Facsimile: (484) 631-1305                 Email: gms@rl-legal.com
Email: rm@maniskas.com                  *Attorneys for Plaintiff*